UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SUE ELLEN KNAPP, | ) | Case No. 4:17 CV 2197 |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| RITE AID CORPORATION, et al., | ) | |
| | ) | **ORDER** |
| Defendants. | ) | (Resolves Docs. #4,6) |

This matter appears before the Court on Defendants' Motion to Dismiss (Doc. #4) and Plaintiff's Motion to Remand and Motion for Attorney Fees (Doc. #6). The Court has reviewed the motions, responses, replies, pleadings, and applicable law. For the reasons stated herein, Plaintiff's Motion to Remand and Motion for Attorney Fees (Doc. #6) is GRANTED IN PART as to remand and DENIED IN PART as to attorney fees. Defendants' Motion to Dismiss (Doc. #4) is DENIED AS MOOT. This matter is hereby REMANDED to the Trumbull County Court of Common Pleas.

I.  **Factual and Procedural Background**

Plaintiff, Sue Ellen Knapp ("Knapp"), initially filed suit against Defendant Rite Aid Corporation ("Rite Aid") in the Trumbull County Common Pleas Court in June of 2016. Defendant removed the matter to the United States District Court for the Northern District of Ohio. Plaintiff then voluntarily dismissed the action pursuant to Fed. R. Civ. P. 41 (a)(1)(A)(i). The matter now before the Court is Plaintiff's refiling of the prior action pursuant to O.R.C. § 2305.19. The parties agree that the suit herein restates the claims previously instituted against Rite Aid, a foreign corporation doing business in Ohio, but also includes new claims against

Defendant Phyllis A. Miller ("Miller"), a resident of Ohio. The parties differ as to the extent of the claims made against Miller. Rite Aid states that Miller was fraudulently joined in this action for the purpose of destroying federal jurisdiction and has removed the action to this Court. Rite Aid further seeks dismissal of the Complaint pursuant to Fed. R. Civ. P. 12(b)(6). Knapp contests Rite Aid's assertion that Miller was fraudulently joined and asks that the matter be remanded for resolution by the Trumbull County Court of Common Pleas. Knapp further seeks attorney fees for the expense of opposing removal.

## II. Law and Analysis

A civil case is properly removed under 28 U.S.C. § 1441(b) when there is complete diversity of the parties at the time of removal. "Complete diversity" means that "all the parties on one side of the litigation are of a different citizenship from all parties on the other side of the litigation." *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 492 (6th Cir. 1999). If a non-diverse party is joined as a defendant, then "in the absence of a substantial federal question the removing defendant may avoid remand only by demonstrating that the non-diverse party was fraudulently joined." *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.,* 176 F.3d 904, 907 (6th Cir. 1999) (internal quotation omitted), *accord Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 432 (6th Cir. 2012). To prove fraudulent joinder:

> the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law. However, if there is a colorable basis for predicting that a plaintiff may recover against non-diverse defendants, this Court must remand the action to state court. The district court must resolve all disputed questions of fact and ambiguities in the controlling state law in favor of the non removing party. All doubts as to the propriety of removal are resolved in favor of remand.

*Coyne,* 183 F.3d. at 492-493, citing *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994) (internal quotation marks and citation omitted).

The United States Sixth Circuit Court of Appeals has cited with approval the Eight Circuit Court of Appeals' explanation that a state law claim is colorable in the context of a fraudulent joinder claim "'if the state law *might* impose liability on the resident defendant under the facts alleged.'" *Kent State University Bd. of Trustees v. Lexington Ins. Co.*, 512 Fed. Appx. 485, 489 (6th Cir. 2013), quoting *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 810 (8th Cir. 2003) (emphasis sic.). The Sixth Circuit notes: "the combination of the 'colorable' standard with the requirement that all ambiguities of state law are to be resolved in favor of the non-removing party presents a significant hurdle" and a "particularly heavy burden" for a defendant seeking to prove fraudulent joinder. *Id.* When deciding a motion to remand, the ultimate test is "similar to, but more lenient than, the analysis applicable to a Rule 12(b)(6) motion to dismiss." *Casias*, 695 F.3d at 433.

Rite Aid's arguments in support of removal mistake the nature of the test this Court applies when evaluating the pleadings. Rite Aid urges the Court to apply the full force of *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) to the material produced by Knapp. This substantively misstates the Court's role on a motion for remand and ignores the full weight of the burden a defendant must carry to demonstrate fraudulent joinder. As the Sixth Circuit clearly states, the standard of evaluation on motion for remand is less than that applied to a Fed. R. Civ. P. 12(b)(6) motion. *Casias*, 695 F.3d at 433. The issue now before the Court is not whether Knapp's Complaint could survive a motion to dismiss in federal court. Instead, this Court must determine whether sufficient evidence exists that "plaintiff could not [establish] a cause of action against [the] non-diverse [defendant] under state law." *Coyne,* 183 F.3d. at 492-493. This Court must evaluate the claims made against the party alleged to have been fraudulently joined and in so

doing resolve all disputed questions of fact and ambiguities in the controlling state law in favor of the non-removing party. *Coyne,* 183 F.3d. at 492-493.

On the outset, the Court notes that Knapp's Complaint is inartfully pled. Nevertheless, Defendants' assertion that the claim against Miller has no basis in law is inaccurate. Both parties have acknowledged that Ohio courts have found that Ohio law recognizes a "cause of action for tortious interference with a business relationship when the business relationship at issue is an employment relationship." *Tessmer v. Nationwide Life Ins. Co.*, 10th Dist. Franklin, No. 98AP-1278, 1999 WL 771013, *6 (Sept. 30, 1999), citing *Kenty v. Transamerica Premium Ins. Co.*, 72 Ohio St.3d 415, 419, 650 N.E.2d 863 (1995); see also *Fitzgerald v. Roadway Express, Inc.*, 262 F.Supp.2d 849 (N.D. Ohio 2003). Difficulties arise in such claims, where, as here, the individual alleged to have interfered in the relationship is also employed by the same employer. The origin of the difficulty is the fact that to maintain a "tortious interference claim against an employee of a party to the relationship at issue, a plaintiff must demonstrate that the employee acted solely in his or her individual capacity and benefitted from the alleged interference." *Gunthorpe v. DaimlerChrysler Corp.*, 205 F.Supp.2d 820, 826 (2002) (reversed in part on other grounds and affirmed as to the grant of summary judgment on the tortious interference claim in *Gunthorpe v. DaimlerChrysler Corp.*, 90 Fed.Appx. 877 (6th Cir. 2004)).

Thus, disputes generally center on whether the employee named truly acted in his or her individual capacity. Frequently these claims falter early, as the party named is often the supervisor who is perceived to have had a role in termination but is ultimately concluded to have acted within the scope of his or her duties for the employer. *E.g., Tessmer,* 1999 WL 771013 (affirming a grant summary judgment finding the named individual acted in her official capacity as a manager); *Erebia v. Chrysler Plastic Prods. Corp.*, 891 F.2d 1212 (6th Cir. 1989) (affirming

a grant of summary judgment finding the named individual was a supervisor acting as an agent of the company); *Gunthorpe*, 205 F.Supp.2d 820 (granting summary judgment where named individual was a supervisor acting in supervisory capacity). Non-supervisory coworkers must also be acting outside the scope of employment to be found liable. *E.g. Condon v. Brody, Vickers & Daniels*, 99 Ohio App.3d 12, 649 N.E.2d 1259 (8th Dist.1994) (affirming a grant of summary judgment finding the employee acted within the scope of employment). As suggested by the examples cited, these matters are often resolved at summary judgment, once evidence is produced concerning the alleged interference, the scope of the individual's employment, and the nature of any benefit alleged to have accrued.

According to the parties in the matter at bar, Miller was not Knapp's supervisor; she was a coworker aware of Knapp's employment by Rite Aid. (Doc. #1-1, ¶ 24.) Knapp has alleged that Miller had personal animosity toward her over money matters and that Miller retaliated against Knapp by acting to have her employment terminated. (Doc. #1-1, ¶ 25-26.) Knapp further alleges that Miller acted in her personal capacity when she instigated, cooperated, and or conspired with Rite Aid to interfere in Knapp's employment relationship. (Doc. #1-1, ¶ 26, 28.) Knapp's employment was in fact terminated and she is alleged to have suffered damages as a result. (Doc. #1-1, ¶9, 20-23.) Knapp has pled the elements of a tortious interference claim against a coworker. Rite Aid contends that the allegation that Miller acted in some way with Rite Aid to end Knapp's employment is fatal to Knapp's claim. Rite Aid is mistaken. None of the case law presented by Rite Aid compels that result.

The underlying elements of a claim for tortious interference with a business relationship are:

> 1) a business relationship; 2) the wrongdoer's knowledge thereof; 3) an intentional interference causing a breach or termination of the relationship; and 4) damages resulting therefrom.

*Wolf v. McCullough–Hyde Mem. Hosp.*, 67 Ohio App.3d 349, 586 N.E.2d 1204 (12th Dist.1990). Thus, to state a cause of action, Knapp must identify some interaction between Miller and Rite Aid that resulted in the breach or termination of the relationship between Knapp and Rite Aid. Knapp has done so. To move the matter forward she must prove, as she has pled, that those intervening actions were taken beyond the scope of employment, solely in Miller's personal capacity, for personal gain. The Court acknowledges that Knapp will have a steep uphill battle to prove her tortious interference claim. Nevertheless, the obvious difficulties Knapp will face to prove her claim do not mean that she states a claim that has no basis in law. Accordingly, the Court finds that Knapp states a colorable claim for tortious interference in a business relationship which necessitates remand for lack of jurisdiction. *Coyne,* 183 F.3d. at 492-493.

The parties further dispute whether, in addition to her tortious interference claim, Knapp has stated a colorable claim against Miller for violating O.R.C § 4112.02. Having found a colorable claim for tortious interference necessitating remand, the Court declines to address the parties' arguments concerning Ohio's disability law.

In addition to seeking remand, Knapp also requests the award of attorney fees. Pursuant to 28 U.S.C. § 1447 (c) a district court "may require payment of just costs . . including attorney fees" in an order granting remand. However, fee shifting is not automatic, and the United States Supreme Court cautions that such awards should not discourage the exercise of the right to removal "in all but obvious cases." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140. With regard to awards of fees pursuant to 28 U.S.C. § 1447(c), the Sixth Circuit has held an award of attorney fees may be inappropriate where the defendant's attempt to remove the action was

"fairly supportable." *Warthman v. Genoa Township Bd. of Trustees*, 549 F.3d 1055, 1061, citing *Bartholomew v. Town of Collierville*, 409 F.3d 684, 687 (6th Cir. 2005). The Court notes that although Ohio law does contemplate a tortious interference claim against a coworker, no evidence of a successful claim appeared in the material produced by the parties or research conducted by the Court. Given the nature of the law on the issue and the bare bones allegations in Knapp's complaint, the Court finds that Rite Aid's motion for removal was fairly supportable. Accordingly, the Court declines to award attorney fees.

## III. Conclusion

The Court has evaluated the claims made against Miller, who is alleged to have been fraudulently joined, and in so doing has resolved all disputed questions of fact and ambiguities in the controlling state law in favor of Knapp, the non-removing party. *Coyne,* 183 F.3d. at 492-493. The Court concludes that Knapp has pled a colorable claim for tortious interference in a business relationship. In the absence of complete diversity between the parties, this Court lacks subject matter jurisdiction. Accordingly, Knapp's Motion for Remand and Attorney Fees (Doc. #6) is GRANTED IN PART AS TO REMAND.

Although remand is appropriate, the Court's review of the parties' filings and the law concerning Knapp's claims, removal, and remand, indicates that Rite Aid's removal of this matter was fairly supportable; accordingly, Knapp's Motion for Remand and Attorney Fees (Doc.#6) is DENIED IN PART AS TO ATTORNEY FEES.

Rite Aid's Motion to Dismiss (Doc. #4) is DENIED AS MOOT.

**IT IS SO ORDERED**.

                                      */s/ John R. Adams*
                                      **U.S. DISTRICT JUDGE**
                                      **NORTHERN DISTRICT OF OHIO**

Dated: September 24, 2018